833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIRST NATIONAL BANK OF BOSTON, Plaintiff-Appellee,
v.
Stanley L. REED, Defendant-Appellant.
 No. 87-2058.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 29, 1987.
Decided: Nov. 19, 1987.
 
 Stanley L. Reed, appellant pro se.
 Donald Carpenter Prentiss, Horhntal, Riley, Ellis & Maland, for appellee.
 Before DONALD RUSSELL, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stanley L. Reed appeals from a deficiency judgment entered against him after a bench trial. As grounds for appeal Reed asserts that the district court should have (i) applied Maryland rather than Florida law and (ii) found that the vessel "Smoker" had a higher fair market value than $100,000 on 1 June 1985.
 
 
 2
 Reed's first argument is without merit. The Retail Installment Contract Reed executed clearly states that the contract was to be construed according to the law of Florida. This choice is valid under Maryland law. The seller's identity as a Florida entity is a sufficient basis for deferring to this choice of law. Gray v. American Express Co., 743 F.2d 10, 17 (D.C.Cir.1984).
 
 
 3
 We cannot say that the district court's finding that "Smoker" was worth $100,000 on 1 June 1985 is clearly erroneous; this finding, and the district court's judgment, are affirmed. Fed.R.Civ.P. 52(a).
 
 
 4
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument will not significantly aid the decisional process. Fed.R.App.P. 34(a).
 
 
 5
 AFFIRMED.